IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ASHLEE SUTTLE, and<br>CHELSEA TURNER,<br><br>    Plaintiffs,<br><br>vs.<br><br>LA SALSA MEX INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File<br>No. _____ |

# COMPLAINT

Plaintiffs Ashlee Suttle and Chelsea Turner (collectively "Plaintiffs") file this Complaint against La Salsa Mex Inc. ("Defendant" or "La Salsa Mex") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiffs allege as follows:

## VENUE AND JURISDICTION

1. This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

3. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4. The relevant time period is three (3) years prior to the filing of this complaint.

5. Plaintiff Suttle is a citizen and resident of Georgia in this district and division.

6. Plaintiff Turner is a citizen and resident of Georgia in this district and division.

7. Defendant is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 1004 Maple Street, Carrollton, GA 30117.

8. Defendant's registered agent for service of process is Steve R. Farris, 8510 Hospital Dr., Douglasville, GA 30134.

## FACTS

9. Defendant owns and operates La Salsa Mex restaurant located at 1004 Maple Street, Carrollton, GA 30117 (the "Restaurant").

10. At all relevant times, Plaintiffs were employed at the Restaurant.

11. Plaintiff Suttle was hired by and began employment with Defendant as a server and bartender in June 2018.

12. Plaintiff Suttle's employment with Defendant ended in July 2019.

13. Plaintiff Turner was hired by and began employment with Defendant

as a server in June 2018.

14. Plaintiff Turner's employment with Defendant ended in August 2019.

15. At all times during their employment, Plaintiffs were "employees" of Defendant and covered under the FLSA.

16. At all relevant times, Defendant was an employer of Plaintiffs within the meaning of the FLSA.

17. At all relevant times, Defendant had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

18. At all relevant times, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

19. At all relevant times, Plaintiffs were non-exempt, tipped employees of Defendant and were promised $2.13 per hour for each hour worked (assuming the tip credit applied).

20. At all relevant times, Plaintiffs were denied earned wages by Defendant while working at the Restaurant.

21. Defendant maintained records of hours that Plaintiffs worked.

22. At all relevant times, Defendant's policy and practice was to not compensate employees, including Plaintiffs, for all hours worked.

23. Defendant's policy and practice was to only compensate employees,

including Plaintiffs, for their scheduled hours and not their actual hours worked.

24. Defendant's policy and practice was to have tipped employees, including Plaintiffs, arrive at the Restaurant and begin working 15 to 30 minutes prior to the Restaurant's opening and their scheduled shift to perform non-tip related, maintenance tasks while off the clock.

25. Defendant's policy and practice was to have tipped employees, including Plaintiffs, remain at the Restaurant and continue working 45 to 90 minutes after their scheduled shift to perform non-tip related tasks while off the clock.

26. At the beginning of each tipped employee's employment, Defendant required employees, including Plaintiffs, to complete a three to four-day training at the Restaurant.

27. Defendant's policy and practice was to have those employees, including Plaintiffs, complete their training while off the clock.

28. At all relevant times, Defendant's policy and practice of not paying employees, including Plaintiffs, minimum wage for all hours worked violated the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## MINIMUM WAGE

29. Plaintiffs repeat and reallege each paragraph above as if it were fully

set forth at length herein.

30. At all relevant times, Defendant was Plaintiffs' employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

32. At all relevant times, Defendant failed to compensate its employees, including Plaintiffs, at the applicable federal minimum wage.

33. At all relevant times, Defendant failed to compensate its employees, including Plaintiffs, for all hours worked.

34. As a result of Defendant's willful failure to pay Plaintiffs the appropriate minimum wage, Defendant violated the FLSA, 29 U.S.C. §§ 206(a)(1) and 215(a).

35. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. Due to Defendant's FLSA violations, Plaintiffs were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs demand a trial by jury and request that this Court grant the following relief against Defendant:

A.   An award of unpaid compensation for wages to Plaintiffs;

B.   An award of all liquidated damages for unpaid wages to Plaintiffs;

C.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

D.   Such other and further relief as this Court deems just and proper.

Respectfully submitted this August 26, 2020,

                                      **HALL & LAMPROS, LLP**

                                      /s/ *Gordon Van Remmen*
                                      Gordon Van Remmen
                                      Ga. Bar #215512
                                      Brittany A. Barto
                                      Ga. Bar #501673

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiffs*