IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ASHLEE SUTTLE, and <br> CHELSEA TURNER, <br>     Plaintiffs, <br><br> vs. <br><br> LA SALSA MEX INC., <br><br>     Defendant. | Civil Action File <br> No. 3:20-CV-00158-TCB |

## JOINT MOTION TO APPROVE SETTLEMENT

**COME NOW** Plaintiffs Ashlee Suttle and Chelsea Turner ("Plaintiffs"), and Defendant La Salsa Mex Inc., ("Defendant" or La Salsa"), and jointly file this request that the Court approve the Settlement Agreement in which they have entered (the "Settlement Agreement") as to the Plaintiffs' release of claims under the Fair Labor Standards Act ("FLSA"). In support of this Motion, the Parties jointly state as follows:

## Background

Plaintiffs allege that they were employed by Defendant, La Salsa Mex Inc. from approximately June 2018 through July and August of 2019, respectively. *See*, **Exhibit 2**, Declaration of Brittany A. Barto, at ¶ 2.

Plaintiffs allege that Defendant did not properly pay them for all hours worked. Plaintiffs further allege that Defendant required them to perform tasks that were unrelated to and not incidental to their tip-producing occupations without being paid a minimum wage. *Id.* at ¶ 3.

Defendant contends that it has paid Plaintiffs all amounts owed to them in wages. *Id.* at ¶ 4.

Without admitting any wrongdoing, Defendant desires to resolve all claims, complaints, and causes of action between itself and Plaintiffs that Plaintiffs now, or in the future, may allege to have against Defendant. *Id.* at ¶ 5.

On August 26, 2020, Plaintiffs filed this lawsuit against Defendant alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid wages. (Doc. 1). *Id.* at ¶ 6.

Plaintiffs provided pay stubs for some of the relevant period for Plaintiffs' counsel to examine. After analyzing these pay stubs and Plaintiffs' own recollection, Plaintiffs' counsel determined alleged wage damages taking into account the hours actually worked, the rate of pay, and the length of employment over the relevant period. *Id.* at ¶ 7. Defendant contends there are no wage damages.

## Settlement

Counsel for Plaintiffs and Defendant reached a settlement through arm's

length negotiations relating to the merits of the claims and defenses, which included discussions of the tip-credit rate of pay and FLSA non-willfulness. Plaintiffs and Defendant, and their respective attorneys, have discussed and considered the facts, have carefully calculated actual and potential damages and liability, have judiciously allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. *Id.* at ¶ 8.

In exchange for a release of all Plaintiffs' claims, the Parties were able to reach a reasonable settlement for a **compromised** amount of fourteen thousand dollars ($14,000.00). This amount represents three thousand four hundred dollars ($3,400.00) in wages and liquidated damages to Plaintiff Chelsea Turner ("Plaintiff Turner"), three thousand six hundred dollars ($3,600.00) to Plaintiff Ashlee Suttle ("Plaintiff Suttle"), and seven thousand dollars ($7,000.00) in Plaintiffs' attorneys' fees and costs. *Id.* at ¶ 9.

The back-wage damages ($1,700.00 for Plaintiff Turner and $1,800.00 for Plaintiff Suttle) are subject to federal tax withholdings. *Id.* at ¶ 10.

Plaintiffs agreed to this compromised settlement in order to ensure timely payments due under the Settlement Agreement. This amount represents Plaintiffs' **full** calculation for back wages, as well as a reduced amount for Plaintiffs' attorneys' fees and costs. *Id.* at ¶ 11.

The $3,400.00 payment to Plaintiff Turner is approximately 169% of the amount of Plaintiffs' counsel's calculation of alleged unpaid wage damages of $2,015.50.  The $3,400 payment to Plaintiff Turner is approximately 84% of the amount of Plaintiffs' counsel's calculation of alleged back-wage and liquidated damages of $4,031.00. Defendant disputes Plaintiffs' counsel's calculation of alleged damages, as well as liability for any damages in this case. *Id.* at ¶ 12.

The $3,600.00 payment to Plaintiff Suttle is approximately 170% of the amount of Plaintiffs' counsel's calculation of alleged unpaid wage damages of $2,117.00.  The $3,600 payment to Plaintiff Suttle is approximately 85% of the amount of Plaintiffs' counsel's calculation of alleged back-wage and liquidated damages of $4,234.00. Defendant disputes Plaintiffs' counsel's calculation of alleged damages, as well as liability for any damages in this case. *Id.* at ¶ 13.

The attorneys' fees to Plaintiffs' counsel, Hall & Lampros, LLP, is based on a reasonable lodestar value of hours worked of $6,785.00 that Plaintiffs' counsel has reduced to $6,420.00.  As a further reduction, Plaintiffs' counsel did not include any time for drafting and preparing post-settlement documents, nor any time from partner Christopher Hall when calculating Plaintiffs' counsel's lodestar.  Plaintiffs' counsel incurred reasonable costs of $580.00 (for the filing fee and service of process).  See, Exhibit A to Barto Declaration- Fee Summary.  The Declaration of

Brittany A. Barto (Exhibit 2) further outlines Plaintiffs' attorneys' fees, billing rates, and attorney experience.

As set forth in the proposed Settlement Agreement, attached as **Exhibit 1** to this Motion, the payments will resolve all of the claims set forth in this lawsuit as well as any other claims Plaintiffs may have against Defendant through the date Plaintiffs execute the Settlement Agreement. *Id.* at ¶ 16.

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court. *See* 29 U.S.C. § 216 (b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

The Parties therefore file this Joint Motion and request that this Court approve the Parties' settlement. To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

The Parties expressly agree that the Settlement Agreement between the Parties represents a fair and equitable resolution of this matter. Based on these potential damages, defenses, and the risks involved for all Parties; all Parties, after consultation with their experienced counsel, believe that the proposed Settlement Agreement is fair and in each Party's best interest. *See*, **Exhibit 2**, Declaration of

Brittany A. Barto, at ¶¶ 17-18.

The Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues.

The Parties acknowledge that, as is the case with any wage and hour dispute, any trial of this matter is likely to be lengthy and document intensive. As such, all Parties would be subjected to considerable expense in determining whether the Parties' respective assertions are correct and given the amount of potential recovery in this matter, such costs will likely exceed the amount of potential recovery. The Parties therefore believe that such expense is not worth the continued litigation of this case.

Plaintiffs' counsel calculated damages, as well as liability for any damages in this case.  As such, bona fide disputes as to the merits of the claims exist; and thus, Plaintiffs are not assured of success on their claims.

The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

Accordingly, the Parties jointly and respectfully request that the Court approve the Settlement Agreement attached hereto as **Exhibit 1**.

A proposed consent order has been attached hereto as **Exhibit 3**.

Respectfully submitted this November 16, 2020,

| | |
|---|---|
| /s/ *Brittany A. Barto* | /s/ *Jeffrey A. Daxe* |
| Gordon Van Remmen | Jeffrey A. Daxe |
| Ga. Bar #215512 | Ga. Bar #213701 |
| Brittany A. Barto | Anna M. Diaz-Caballero |
| Ga. Bar #501673 | Ga. Bar #235192 |
| **HALL & LAMPROS, LLP** | **MOORE INGRAM JOHNSON & STEELE, LLP** |
| 400 Galleria Pkwy SE, Suite 1150 | 326 Roswell Street, Suite 100 |
| Atlanta, GA 30339 | Marietta, GA 30060 |
| Tel.: (404) 876-8100 | Tel.: (770) 429-1499 |
| gordon@hallandlampros.com | jad@mijs.com |
| brittany@hallandlampros.com | amdiaz-caballero@mijs.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I filed the foregoing *Joint Motion to Approve Settlement* with the ECF filing system, which served the following attorneys:

Jeffrey A. Daxe
Ga. Bar #213701
Anna M. Diaz-Caballero
Ga. Bar #235192
**MOORE INGRAM JOHNSON & STEELE, LLP**
326 Roswell Street, Suite 100
Marietta, GA 30060
Tel.: (770) 429-1499
jad@mijs.com
amdiaz-caballero@mijs.com

*/s/ Brittany A. Barto*
Brittany A. Barto