# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "**Agreement**") is entered into by and between Plaintiffs, **Ashlee Suttle and Chelsea Turner**, on behalf of themselves, their heirs, executors, agents, representatives, administrators, survivors, assigns and anyone claiming through them (hereinafter referred to as "**EMPLOYEES**") and Defendant, **La Salsa Mex, Inc.** and all of their subsidiaries and affiliates, successors and assigns, and its current and former partners, officers, agents, members, directors, attorneys, heirs, survivors, assigns, and executors (all herein collectively referred to as "**EMPLOYER**"). All of the foregoing individuals and entities are hereinafter sometimes also collectively referred to as the "**Parties**."

**WHEREAS**, **EMPLOYEES** were formerly employed by the **EMPLOYER** as restaurant servers from approximately June 2018 through July/August 2019;

**WHEREAS**, **EMPLOYEES** alleged that **EMPLOYER** did not pay them minimum wage for all hours worked in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*; for which claims **EMPLOYEES** sought compensation and relief in through a Complaint styled *Ashlee Suttle and Chelsea Turner v. La Salsa Mex, Inc.*, pending in the United States District Court for the Northern District of Georgia Newnan Division, Case No. 3:20-cv-00158-TCB (the "**Lawsuit**"); and

**WHEREAS**, although **EMPLOYER** has denied and continues to deny that it violated **EMPLOYEES'** rights under the FLSA or any other federal, state or local law, or state common law principles, the Parties desire to finally and forever resolve, compromise, and settle any and all claims which **EMPLOYEES** asserted or could have asserted in the Lawsuit and which arise out of or in any way related to their work for or employment by **EMPLOYER** as alleged in the Lawsuit.

**NOW THEREFORE,** in consideration of the foregoing RECITALS which are incorporated herein, together with these premises, covenants, promises, and terms and conditions contained herein, the Parties agree as follows:

1. As consideration for the release of all claims, **EMPLOYER** will pay **EMPLOYEES** the total sum of Fourteen Thousand Dollars ($14,000.00) in compromise and settlement of any and all claims that they asserted or could have asserted in the Lawsuit. **EMPLOYEES** shall be paid the aforesaid sum in five separate checks, each as follows:

    A. For PLAINTIFF ASHLEE SUTTLE:

        i)    A check in the amount of ONE THOUSAND EIGHT HUNDRED Dollars ($1,800.00), less all applicable withholdings and deductions, payable to ASHLEE SUTTLE for her alleged lost wages, for which a W-2 will be issued for the alleged back-wage damages;

  ii)  A check in the amount of ONE THOUSAND EIGHT HUNDRED Dollars ($1,800.00) payable to ASHLEE SUTTLE for the alleged liquidated damages, pursuant to Form 1099;

**B.** **For PLAINTIFF CHLESEA TURNER:**

  iii)  A check in the amount of ONE THOUSAND SEVEN HUNDRED Dollars ($1,700.00), less all applicable withholdings and deductions, payable to CHELSEA TURNER for her alleged lost wages, for which a W-2 will be issued for the alleged back-wage damages;

  iv)  A check in the amount of ONE THOUSAND SEVEN HUNDRED Dollars ($1,700.00) payable to CHELSEA TURNER for the alleged liquidated damages, pursuant to Form 1099;

**C.** **ATTORNEYS' FEES AND EXPENSES:**

  v)  A check in the amount of SEVEN THOUSAND Dollars ($7,000.00) payable to HALL AND LAMPROS, LLP for the alleged attorneys' fees and expenses incurred by Plaintiffs, pursuant to Form 1099;

**D.** **APPROVAL AND PAYMENT:**

  1.  **EMPLOYEES**, through their counsel, shall submit this Agreement to the United States District Court for the Northern District of Georgia Newnan Division within three (3) days of execution for approval by the Court. **EMPLOYEES**, through their counsel, shall prepare and submit all necessary documents (including filing a Dismissal with Prejudice) to ensure settlement approval and dismissal with prejudice of the Lawsuit by the Court. The settlement approval documents must be approved by counsel for **EMPLOYER** prior to filing with the Court; and

  2.  **EMPLOYER** will send all payments provided for under this Paragraph 1 to **HALL & LAMPROS, LLP** within ten (10) calendar days following **EMPLOYEES'** execution of this Agreement and approval of this settlement by the Court.

  2. Although the payments to **EMPLOYEES** in Paragraph 1 above for liquidated damages, attorneys' fees, and legal expenses, are non-wage income arising out of the settlement of their claims, **EMPLOYEES** understand and agree, to pay any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the payments by the **EMPLOYER**, pursuant to Paragraph 1, should it be determined that all or part of such payments constitute gross income within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state, or local statute or ordinance. **EMPLOYEES** further agree to hold the **EMPLOYER** harmless against, and to indemnify the **EMPLOYER** for, any and all claims by the Internal Revenue Service, any other taxing authority or taxing agency (whether federal, state

or local) which may be made against the **EMPLOYER** arising out of or relating to the **EMPLOYER**'s failure to withhold any portion of such payment for income or social security purposes, or for any other purpose, and agrees to reimburse the **EMPLOYER** for any resulting payments, including with limitations, all penalties and interest to the Internal Revenue Service, any other taxing authority or governmental agency, that the **EMPLOYER** must make in response to each such claim. The parties further agree that: (i) the **EMPLOYER** will give **EMPLOYEES** notice of any such claim; and (ii) **EMPLOYEES** will cooperate with the **EMPLOYER** in the defense of any such claim.

   3. **<u>Release and Waiver of Rights and Claims by EMPLOYEES</u>**. In exchange and consideration of the payments and promises contained in this Agreement, **EMPLOYEES** agree as follows:

  (a) <u>Release of All Wage Claims</u>. In exchange for the promises contained in this Agreement and to the extent permitted by law, **EMPLOYEES** do hereby knowingly, voluntarily, and unconditionally release, acquit, and forever discharge, and agree that **EMPLOYEES** will not in any manner institute, prosecute or pursue, any and all FLSA wage and overtime complaints, claims, lawsuits, claims for relief, demands, suits, arbitrations, actions or causes of action, whether in law or in equity, which **EMPLOYEES** assert or could assert, against the **EMPLOYER** and/or Released Parties, including any of its current or former owners, officials, directors, officers, shareholders, affiliates, agents, employee benefit plans, plan administrators, representatives, servants, employees, former employees, attorneys, subsidiaries, parents, divisions, branches, units, successors, predecessors, and assigns with respect to: (i) any and all FLSA claims asserted at any time in the LITIGATION; or (ii) any and all FLSA claims for unpaid wages, minimum wages, overtime, miscalculated wages, improper deductions, late payment of wages, retaliation for complaining about wages or for asserting wage related claims, or recordkeeping-related claims, and any and all statutory claims under federal, state, or local law and/or regulations regulating hours of work, wages (including minimum wages and overtime wages), the timing and/or payment of wages, retaliation, or recordkeeping (collectively the "FLSA Claims").

  (b) <u>Release of All Claims</u>. In consideration of the payments called for herein, each of the **Releasing Parties**, on behalf of themselves, their heirs, executors, administrators, and assigns, hereby now and forever, fully and finally, completely releases and forever discharges the **Released Parties** of and from any and all past, present, or future non-FLSA claims, actions, causes of action, rights, damages, costs, or suits of any kind or nature whatsoever, whether based on a tort, contract, federal or state statute or other theory of recovery, which the **Releasing Parties** now have or may have in the future arising from any and all Non-FLSA Claims (not proffered in Civil Action File No. 3:20-cv-00158-TCB) that could have been raised prior to the Effective Date of this Agreement, including but not limited to the following: any and all non-FLSA claims for declaratory and injunctive relief, permanent injunction, back pay, including wages, employment benefits or other compensation, front pay, incentive pay, lost benefits of any kind, medical insurance

        or benefits, life insurance, vacation pay, disability insurance, sick pay, severance pay or other equitable relief, compensatory damages, liquidated damages, emotional distress, punitive damages, statutory penalties, alleged personal injuries or damages, attorney's fees and costs, litigation expenses and any additional fees and expenses, and any and all non-FLSA claims that were or could have been brought, including that lawsuit referenced above entitled *Ashlee Suttle and Chelsea Turner v. La Salsa Mex*, United States District Court for the Northern District of Georgia; Civil Action No.: 3:20-cv-00158-TCB, or any other civil or administrative action that has been or could have been brought in connection with the aforementioned Non-FLSA Claims prior to the Effective date of this Agreement. This release and discharge does not apply to claims that may arise after the Effective date of this Agreement or that may arise from a breach of this Agreement.

(c)    <u>Release of Existing but Currently Unknown Claims</u>.  Notwithstanding any local or other law to the contrary, **EMPLOYEES** expressly agree that this Paragraph 3 will extend and apply to all Claims **EMPLOYEES** may have against the **EMPLOYER** or any Released Parties at the time **EMPLOYEES** sign the Agreement, regardless of whether **EMPLOYEES** are aware of or suspect such Claims at the time **EMPLOYEES** sign.

(d)    <u>Claims Not Included</u>.  **EMPLOYEES** agree that the above paragraphs shall release the **EMPLOYER** and Released Parties from liability for the Claims to the fullest extent permitted by law and only to the extent permitted by law. **EMPLOYEES** acknowledge that the FLSA Release does not prohibit the following rights or claims: (1) claims that first arise after the date **EMPLOYEES** sign this Agreement or which arise out of or in connection with the interpretation or enforcement of the Agreement itself; (2) any other legal or equitable rights or claims that were or which could have been raised in the Lawsuit and which are being resolved through a separate Mutual Release and Settlement Agreement; or (3) claims which cannot be waived as a matter of law pursuant to federal, state or local statute (i.e. this Agreement does not prohibit **EMPLOYEES** from filing other state or federal administrative charges or claims - *e.g.,* NLRB or other such agencies - or from participating in such matters; but, notwithstanding the foregoing, **EMPLOYEES** agree to waive their rights to recover individual relief in any charge, complaint, or lawsuit filed by them or anyone on their behalf against **EMPLOYER**). **EMPLOYEES** agree that should any person or entity file or cause to be filed any civil action, suit, arbitration, or legal proceeding seeking equitable or monetary relief in connection with any aspect of **EMPLOYEES'** Claims prior to the Effective Date of this Agreement, **EMPLOYEES** will not seek or accept any personal relief, including but not limited to an award of monetary damages or reinstatement to employment, in connection therewith.

(e)    <u>Acknowledgment</u>.  The parties agree that each provision in this Paragraph 3 is a material provision of this Agreement.

4. <u>Attorneys' Fees and Costs</u>. As further mutual consideration of the promises set forth herein, the **EMPLOYER** and **EMPLOYEES** agree that they each are responsible for their own attorneys' fees and costs (other than the attorneys' fees and costs outlined in Paragraph 1(C) above), and each agree not to seek from the other or others released hereby, reimbursement for attorneys' fees and/or costs relating to any matters addressed in this Agreement, except as may be otherwise set forth herein.

5. <u>No Admission of Liability</u>. **EMPLOYEES** specifically understand and acknowledge that by entering into this Agreement, the **EMPLOYER** and all other Released Parties do not admit any liability whatsoever to **EMPLOYEES** or to any other person arising out of any Claims heretofore or hereafter asserted by **EMPLOYEES**, and that the **EMPLOYER**, for itself and all other Released Parties, expressly denies any and all such wrongdoing or liability.

6. <u>Remedy for Breach</u>. The **Parties** acknowledge and understand that if either party breaches any provision of this Agreement, the other party shall have, in addition to and without limiting any other remedy or right it may have at law or in equity, the right to a temporary and permanent injunction restraining any such further breach, without any bond or security being required. In any such proceeding, the party in breach waives any defense that the non-breaching party has an adequate remedy at law or that the injury suffered as a consequence of such breach is not irreparable. In any such proceeding, the prevailing party shall recover its reasonable attorneys' fees and costs.

7. <u>Assignments</u>. **EMPLOYEES** represent and warrant that **EMPLOYEES** have not assigned or transferred to any person or entity any of **EMPLOYEES'** rights which are or could be covered by this Agreement, including, but not limited to, any covenant not to sue and the waivers and releases contained in this Agreement.

8. <u>Joint Motion and Consent Order</u>. Because the Complaint includes FLSA Claims, a Joint Motion and Order are being presented to Judge Timothy C. Batten, Sr. for approval of the settlement. This Agreement shall only become final, binding and enforceable upon the issuance of an order by Judge Batten or other authorized judge of the United States District Court for the Northern District of Georgia. All Parties consent to the submission of the Joint Motion and Consent Order to Judge Batten and to the terms of this Settlement Agreement.

9. <u>Paragraph Headings</u>. Paragraph headings in this Agreement are included for convenience of reference only and shall not be a part of this Agreement for any other purpose.

10. <u>Entire Agreement</u>. The **Parties** understand, covenant, and agree that this Agreement contains the entire understanding and agreement relating to the FLSA Claims and matters stated herein, as well as any and all issues regarding **EMPLOYEES'** work for or employment by **EMPLOYER**, and that there are no other agreements, covenants, promises, or arrangements between **EMPLOYEES** relating to the issues covered by this Agreement, that the terms and conditions of this Agreement cancel and supersede any prior agreements, promises, representations or understandings that may have existed between **EMPLOYEES** and **EMPLOYER** with respect to all issues covered by this Agreement, that no other promise or inducement has been offered to either party except as set forth herein, and that this Agreement is

binding upon all parties, and their respective heirs, executors, administrators, successors and assigns.

11.  No Oral Modification.  This Agreement may not be modified or amended in any manner (i.e. orally) without a written agreement signed and dated by all **Parties** and their counsel.  The **EMPLOYER'S** failure to enforce any provisions of this Agreement will not constitute waiver of its rights under this Agreement.

12.  Severability.  The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.  The recitals are incorporated into this Agreement.  Neither this Agreement nor any other agreement between the **Parties**, nor any uncertainty or ambiguity herein or therein, shall be construed or resolved using any presumption against any party hereto or thereto, whether under any rule of construction or otherwise.  On the contrary, this Agreement has been reviewed by the **Parties** and, in the case of any ambiguity or uncertainty, shall be construed according to the ordinary meaning of the words used so as to fairly accomplish the purpose and intentions of all **Parties** hereto.  Should any of the material provisions of this Agreement be rendered invalid by a court or government agency of competent jurisdiction, the remainder of this Agreement shall, to the fullest extent permitted by applicable law remain in full force and effect.

13.  Choice of Law.  The **Parties** further agree that, to the extent not governed by federal law or otherwise prohibited by state law, this Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law.  To the extent that a federal court or agency does not have jurisdiction over any action involving the validity, interpretation or enforcement of the Agreement, or any of its terms, provisions or obligations, the parties agree that jurisdiction and venue shall exist exclusively in a court or government agency located in the State of Georgia, unless specifically prohibited by applicable law.

14.  Counterparts.  This Settlement Agreement and Release may be executed in any number of counterparts and by the different **Parties** hereto on separate counterparts with each said counterparts being an original, but all counterparts together shall constitute one and the same instrument. Electronic signatures and signatures obtained by fax, pdf, or scanned and emailed shall constitute an original signature, but one counterpart set delivered to the United States District Court shall be marked the "Original," and all other counterparts shall be marked "Duplicate".

15.  Joint Participation in Negotiation and Preparation of Agreement, and Understanding and Use of Agreement.  The **Parties** hereto participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party.  This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.  By executing this Agreement, each Party acknowledges having carefully read, and acknowledges knowing and understanding, the terms and effect hereof.  Each Party further represents, declares and agrees that she or it voluntarily enters into this Agreement for the purposes of making a full and final compromise, adjustment and settlement of all claims hereinabove described.  Each Party signs this

Agreement of her or its own free will, after consultation with counsel about same. The **Parties** to this Agreement represent that this Agreement may be used as evidence in any subsequent proceeding in which any of the **Parties** allege a breach of this Agreement or seek to enforce its terms, provisions or obligations.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the date of the final signature.

| EMPLOYEE: | EMPLOYER: |
|---|---|
| *DocuSigned by:* *Ashlee Suttle* 44C2784052974CA... **Ashlee Suttle** | _____ **La Salsa Mex, Inc.** |
| Date: 11/7/2020 | By: _____ |
| | Date: _____ |
| **EMPLOYEE:** | |
| _____ **Chelsea Turner** | |
| Date: _____ | |

7

Agreement of her or its own free will, after consultation with counsel about same. The **Parties** to this Agreement represent that this Agreement may be used as evidence in any subsequent proceeding in which any of the **Parties** allege a breach of this Agreement or seek to enforce its terms, provisions or obligations.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the date of the final signature.

| EMPLOYEE: | EMPLOYER: |
|---|---|
| _____ | _____ |
| **Ashlee Suttle** | **La Salsa Mex, Inc.** |
| Date: _____ | By:_____ |
|  | Date: _____ |
| **EMPLOYEE:** |  |
| *Chelsea Turner* (DocuSigned by, 15BA08E714BE445...) |  |
| **Chelsea Turner** |  |
| Date: 11/6/2020 |  |

Agreement of her or its own free will, after consultation with counsel about same. The **Parties** to this Agreement represent that this Agreement may be used as evidence in any subsequent proceeding in which any of the **Parties** allege a breach of this Agreement or seek to enforce its terms, provisions or obligations.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the date of the final signature.

| **EMPLOYEE:**<br><br>_____<br>**Ashlee Suttle**<br><br>**Date:** _____<br><br><br><br><br>**EMPLOYEE:**<br><br>_____<br>**Chelsea Turner**<br><br>**Date:** _____ | **EMPLOYER:**<br><br>*Silvia Jimenez Razo*<br>**La Salsa Mex, Inc.**<br><br>**By:** *Silvia Razo*<br><br>**Date:** *11/10/2020* |
|---|---|

7